UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re                                           Case No. 09-16664 (FJB)
                                                Chapter 11
EVEREST CROSSING, LLC,


                          Debtor.


## LANDLORD'S STATEMENT REGARDING MOTION TO WITHDRAW MOTION TO COMPEL ACCESS TO ROOF

Crimson Galeria Limited Partnership ("Crimson" or "Landlord") hereby files this

statement in respect of the above debtor's (the "Debtor") Motion to Withdraw (the "Withdrawal

Motion") relating to the Motion to Compel Access to Roof and Request for Expedited

Determination filed by the Debtor on January 4, 2010 (the "Motion to Compel").  In the Motion

to Compel, the Debtor claimed, among other things, that Crimson refused to permit the Debtor

access to the building roof this past weekend to repair the heating system and that, as a

consequence of such refusal, the "Debtor is suffering significant and continuing losses everyday

[sic] it is closed."  The Motion to Compel was frivolous for four reasons. First, on the evening of

January 2, 2010, roof access was requested for 10:00 a.m. on January 4, 2010.  That request was

granted at the time it was made.  Second, the Debtor never requested roof access prior to the

morning of January 4, 2010.  Third, on the morning of January 4, 2010, hours before the Debtor

filed the Motion, the Debtor was provided roof access.  Fourth, the Debtor's restaurant never

closed.  Although the Court has entered an order granting the relief requested in the Withdrawal

Motion, the Landlord nonetheless files this statement[1] to respond to the Debtor's allegations in

the Motion to Compel[2] and the Debtor's attempt, through the Withdrawal Motion, to obfuscate

its wrongful conduct. In support hereof, the Landlord states as follows:

1.    The heating system at issue was installed by the Debtor and the Debtor is

responsible for its maintenance and repair. *See Affidavit of Raj Dhanda dated January 6, 2010*

("Dhanda Affidavit") at ¶ 3 attached hereto as Exhibit A.

2.    Shortly after 6:00 p.m. on Saturday, January 2, 2010, the Landlord received a

phone call from the manager of the Debtor's restaurant. *See Dhanda Affidavit* at ¶ 4.

3.    The Landlord was told that there was an issue with the heat and that the Debtor

needed access to the roof at 10:00 a.m. on January 4, 2010, the time at which the Debtor had

scheduled a repairperson to be on the premises to address the heating issue. *See Dhanda*

*Affidavit* at ¶ 5.

4.    The Landlord informed the manager that the property maintenance person would

be on site at 10:00 a.m., such that providing access to the repairperson on January 4, 2010 would

not be an issue. *See Dhanda Affidavit* at ¶ 6.

5.    The manager called and left a message on Mr. Dhanda's voicemail and stated that

if the roof access was not provided at 10:00 a.m. on January 4, 2010, he would purchase bolt

cutters and access the roof without the Landlord. *See Dhanda Affidavit* at ¶ 7

6.    When the manager of the restaurant called again that evening, Mr. Dhanda told

him that if he wanted to formalize the roof access request, he could do so by certified mail, but

---

[1] The Landlord was in the process of filing a response to the Withdrawal Motion when the Court entered such order.

[2] Although not even remotely relevant to the relief requested in the Motion to Compel, the Debtor states in the motion that "the heating system has yet to be turned on in the common area of Crimson Galeria." The Debtor's statement is untrue. That heating system was turned on weeks ago.

that, in any event, the maintenance person would provide the Debtor access to the roof at 10:00 a.m. on Monday. *See Dhanda Affidavit* at ¶ 8

7.   The principal of the Debtor, Solomon Chowdhury also called Mr. Dhanda several times on Saturday night. *See Dhanda Affidavit* at ¶ 9.

8.   Not once in the calls from the manager or Mr. Chowdhury was access to the roof ever requested prior to 10:00 a.m. on January 4, 2010. *See Dhanda Affidavit* at ¶ 10

9.   No calls were made to Mr. Dhanda on Sunday, January 3, 2010 and no calls were placed to the property maintenance person, who Mr. Chowdhury has contacted directly in the past regarding maintenance issues and roof access. *See Dhanda Affidavit* at ¶¶11 and 12.

10.   As promised by the Landlord, the heating repairperson was given roof access mid-morning on January 4, 2010. *See Dhanda Affidavit* at ¶ 13.

11.   Additionally, Eastern Security Inc., which provides security for the building, informed the Landlord that the Debtor's restaurant was open for business Thursday, Friday, Saturday and Sunday of last week. *See Letter from Eastern Security Inc.* dated January 5, 2010, attached hereto as Exhibit B; *see also Dhanda Affidavit* at ¶ 14.

12.   On Monday, at approximately the same time roof access was provided to the Debtor, Debtor's counsel sent an email to Crimson's counsel stating, among other things, that (a) access had been denied, (b) the Debtor's business had been closed for three days because of the refusal of Crimson to provide access, and (c) unless a proposal to provide access and to compensate the Debtor's for being closed was received by 2:00 p.m. on Monday, the Debtor would file the Motion to Compel. A copy of that email is attached as Exhibit C attached hereto.

13.   Crimson's counsel responded to the email with letters sent to Debtor's counsel early Monday evening, copies of which are attached as Exhibit D hereto. In that correspondence,

Crimson pointed out the significant factual misstatements in the email and stated that if the

Motion to Compel were not withdrawn, the Landlord would file an objection and also seek

sanctions under Bankrutpcy Rule 9011. The Debtor subsequently filed the Withdrawal Motion.

14.     The Motion to Compel filed by the Debtor was not based in fact and was filed

without the requisite diligence required under Federal Rule of Bankruptcy Procedure 9011. *See,*

*e.g., In re Wilde Horse Enters, Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991)(Bankruptcy

Counsel has a duty to probe the debtor for facts before they are included in any document

presented to the Court). The Landlord timely provided roof access requested by the Debtor.

Moreover, the statement that the Debtor closed is patently false. As seen above, that never

happened. Most shockingly, access was provided at approximately the same time Debtor's

counsel sent his email to Crimson's counsel, stating that "[w]e have lost the weekend and have

already suffered damages from being closed for three days ...[i]f we do not have a proposal by 2

on how we will have immediate access to the roof as well as compensation for being closed after

the repairman showed up, we will be filing an emergency motion to compell [sic] access to the

roof."

15.     In the Withdrawal Motion, the Debtor attempted to deflect the truth through

clever wordsmithing and a deft reference to "he said she said conversations". There are three

undeniable facts. First, access was requested for 10:00 a.m. on Monday morning and that access

was granted. Second, the Debtor's operations never closed. Third, at the time the Motion to

Compel was filed, the Debtor knew that access had been granted and it also knew that it never

closed its operations -- to argue to the contrary would be absurd.

16.    The Landlord and its counsel have spent significant time and energy responding to the Debtor's outrageous and false statements.  The Debtor should be held accountable for its wrongful actions.

Respectfully submitted,

CRIMSON GALERIA LIMITED PARTNERSHIP

By its attorneys,

HOLLAND & KNIGHT LLP

/s/ *Kerry S. Kehoe*
Kerry S. Kehoe, Esq. (BBO # 552904)
Gordon P. Katz, Esq. (BBO # 261080)
Diane N. Rallis, Esq. (BBO # 652203)
10 St. James Avenue
Boston, MA  02116
Ph: (617) 523-2700
Fax: (617) 523-6850
E-mail: kerry.kehoe@hklaw.com
E-mail: gordon.katz@hklaw.com
E-mail: diane.rallis@hklaw.com

Dated:  January 6, 2010

## CERTIFICATE OF SERVICE

I, Diane N. Rallis, Attorney for Crimson Galeria Limited Partnership, hereby certify that on this 6th day of January, 2010, I served copies of the foregoing Objection upon the following parties by first-class mail, postage-prepaid, or via ECF:

| | |
|---|---|
| Herbert Weinberg, Esq.<br>Rosenberg & Weinberg<br>805 Turnpike St., Suite 201<br>North Andover, MA 01845<br>*Via ECF* | Herbert Weinberg, Esq.<br>James L. Rudolph, Esq.<br>James S. Singer, Esq.<br>Rudolph Friedmann, LLP<br>92 State Street<br>Boston, MA 02109<br>*Via ECF* |
| John Fitzgerald, Esq.<br>Eric Bradford, Esq.<br>Office of the U.S. Trustee<br>10 Causeway Street<br>Boston, MA 02222<br>*Via ECF* | Internal Revenue Service<br>P.O. Box 21126<br>Philadelphia, PA 19114<br>*Via regular mail* |
| Isaac M. Gabriel, Esq.<br>Quarles & Brady LLP<br>Renaissance One<br>Two North Central Avenue<br>Phoenix, AZ 85004-2391<br>*Via ECF* | Dan Ryan, Esq.<br>Chief Counsel<br>Internal Revenue Service<br>10 Causeway Street, Room 401<br>Boston, MA 02222<br>*Via ECF* |
| Rewards Network Establishment Services, Inc.<br>Attn: Dick Sandler, Esq.<br>Two North Riverside Plaza, Ste. 950<br>Chicago, IL 60606<br>*Via regular mail* | Solmon Chowdhury<br>37 Moreland Street<br>Roxbury, MA 02119<br>Via regular mail |
| Internal Revenue Service<br>Insolvency Group, Stop 20800<br>PO Box 9112<br>Boston, MA 02114<br>*Via regular mail* | Department of Revenue<br>PO Box 9564<br>Boston, MA 02114<br>*Via regular mail* |

| Boston Restaurant Group | Jonathan O. Yorks |
|---|---|
| P.O. Box 327 | Walter & Shuffain, P.C. |
| Boxford, MA 01921-0327 | 101 Huntington Avenue, 8th Floor |
| | Boston, MA 02199 |

/s/ Diane N. Rallis

# 9083365_v3

**<u>Exhibit A</u>**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re

EVEREST CROSSING, LLC,

Debtor.

Case No. 09-16664 (FJB)
Chapter 11

AFFIDAVIT OF RAJ DHANDA

I, Raj Dhanda, being first duly sworn, depose and say that the following is true to the best
of my knowledge, information and belief:

1.      I am a limited partner of Crimson Galeria Limited Partnership ("Crimson") and
the 100% shareholder and president of its general partner, Crimson Galeria, Inc.  I make this
Affidavit based on facts contained within my own personal knowledge and, if called as a
witness, would testify competently thereto.

2.      This Affidavit is submitted in connection with Crimson's *Statement Regarding
Motion to Withdraw* filed by the above debtor (the "Debtor") on January 5, 2010.

3.      The heating system at issue was installed by the Debtor and the Debtor is
responsible for its maintenance and repair.

4.      Shortly after 6:00 p.m. on Saturday evening, January 2, 2010, I received a phone
call from the manager of the Debtor's restaurant.

5.      In that phone call, the manager told me that there was an issue with the heat at the
restaurant and that the Debtor needed access to the roof at 10:00 a.m. on January 4, 2010 because
the Debtor had scheduled a repairperson to be on the premises to examine the heating issue.

6.     I informed the manager that the property maintenance person would be on site by 10:00 a.m., such that providing access to the repairperson on January 4, 2010 would not be an issue.

7.     The manager called and left me a message on my voicemail, stating that if the roof access was not provided at 10:00 a.m. on January 4, 1010, he would purchase bolt cutters and access the roof.

8.     The manager called again that evening and I told him that if he wanted to formalize the roof access request, he could do so by certified mail, but that, in any event, the maintenance person would provide the Debtor access to the roof at 10:00 a.m. on Monday.

9.     Solomon Chowdhury, the principal of the Debtor, also called me several times on Saturday night.

10.     Not once in the calls from the manager or Mr. Chowdhury was access to the roof ever requested prior to 10:00 a.m. on January 4, 2010.

11.     I did not receive any calls from the Debtor on Sunday, January 3, 2010.

12.     I have also been informed by the property's maintenance person that he did not receive any calls from the Debtor this weekend, even though Mr. Chowdhury has contacted him directly in the past regarding maintenance and roof access requests.

13.     The heating repairperson was given roof access mid-morning on January 4, 2010.

14.     I have been informed by Eastern Security, Inc., which provides security for the building, that the Debtor's restaurant was open for business Thursday, Friday, Saturday and Sunday of last week.

Signed this 6th day of January, 2010, under the pains and penalties of perjury that the foregoing is true and correct.

Raj Dhanda

# 9083441_v3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re

EVEREST CROSSING, LLC,

                              Debtor.

Case No. 09-16664 (FJB)
Chapter 11

## DECLARATION RE: ELECTRONIC FILING

## PART I – DECLARATION OF AFFIANT

I, Raj Dhanda, hereby declare under penalty of perjury that all of the information contained in the foregoing *Affidavit in Support of Statement Regarding Debtor's Motion to Withdraw* (the "Document"), filed electronically, is true and correct. I understand that this DECLARATION is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this DECLARATION may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFLR)-7(a) all paper documents containing original signatures executed under the penalties or perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated:    January 6, 2010

Signed:    _____
                Raj Dhanda

**PART II – DECLARATION OF ATTORNEY**

  I declare under penalty of perjury that I have reviewed the above affiant's *Affidavit in Support of Statement Regarding Debtor's Motion to Withdraw* and the information is complete and correct to the best of my knowledge.  The affiant signed this form before I submitted the Document, I gave the affiant a copy of the Document and this Declaration, and I have followed all other electronic filing requirements currently established by local rule and standing order. This DECLARATION is based on all information of which I have knowledge and the signature below constitutes a certification under Fed. R. Bankr. P. 9011.  I have reviewed and will comply with the provisions of MEFR 7.


Dated: January 6, 2010     Signed: _____
               Diane N. Rallis


# 9086519_v1

- 2 -

**<u>Exhibit B</u>**

1/5/2010

TO: **Raj Dhanda**

FAX: **617-232-1700**

PHONE: **617-859-1700**

FROM: **Joseph F Frawley Jr**

FAX: **617-491-4664**

PHONE: **617-491-8181**

PAGES: 1

RE: **OM Restaurant**

**COMMENTS:**

Security Officer Roger Krekorian worked Thursday night 12/31/09 and Friday night 1/1/10.
Security Officer James Ralston worked Saturday night 1/2/10 and Sunday night 1/3/10.

Both Security Officers confirmed that the Om Restaurant was open all those days' regular hours.

Joseph F Frawley CEO
Eastern Security Inc

☐ URGENT

☐ PLEASE COMMENT

☐ PLEASE REVIEW

☐ FOR YOUR RECORDS

**Exhibit C**

**From:**    Herbert Weinberg [hweinberg@jrhwlaw.com]
**Sent:**    Monday, January 04, 2010 10:26 AM
**To:**    Rallis, Diane N (BOS - X72104); Kehoe, Kerry (BOS - X71451)
**Cc:**    solmon@omrestaurant.com; James Singer; Rudolph, Jim
**Subject:** denial of access

We have been advised that the heat broke saturday afternoon. Solmon had a repairman there that day and
Called Raj to arrange immediate access to the roof so the heat could be repaired.Solmon has advised us that Raj
said he could not even consider giving Solmon access to the roof until he recieves a certified letter and then he
will take  48 hours to consider if and what under conditions he may allow access to the roof.

We have lost the weekend and have already suffered damages from being closed three days. If we do not have a
proposal by 2 on how we will have immediate access to the roof as well as compensation for being closed after
the repairman showed up, we will be filing an emergency motion to compell  access to the roof.

**Exhibit D**

# Holland & Knight

10 St. James Avenue | Boston, MA 02116 | T 617.523.2700 | F 617.523.6850
Holland & Knight LLP | www.hklaw.com

Kerry S. Kehoe
617 854-1451
kerry.kehoe@hklaw.com

January 4, 2010

*__Via e-mail (hweinberg@rflawyers.com) and__*
*__Facsimile 978-682-3041 and 617-227-0313__*

Herbert Weinberg, Esq.
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109

      Re:    <u>Everest Crossing</u>

Dear Herb:

      I am in receipt of your email from this morning, a copy of which is attached. The sum and substance of the email is that the landlord, Crimson Galeria Limited Partnership (the "<u>Landlord</u>"), refused to permit the debtor access to the building roof this weekend to repair the heating system and that, as a consequence of such refusal, the debtor has been closed for 3 days. You further state in your email that unless you have a proposal by 2:00 as to how the debtor will be provided roof access <u>and</u> compensation for the days it was closed, the debtor will file an emergency motion to compel access to the roof. Herb, as consistently has been the case in this Chapter 11 proceeding, your allegations are false.

      Shortly after 6:00 p.m. this past Saturday night, the Landlord received a phone call from the manager (Matt) of the debtor's restaurant. The Landlord was told that there was an issue with the heat and that the debtor needed access to the roof at 10:00 a.m. on January 4, 2010, the time at which the debtor scheduled a repairman to resolve the issue. The Landlord informed the manager that the property maintenance person would be on site at 10:00 a.m. (as he almost always is), such that access at that time today would not be a problem. Shortly after that, the manager called and left a message on Mr. Dhanda's voicemail and stated that if the roof access was not provided at 10:00 a.m. today, he would purchase bolt cutters and access the roof without the Landlord. The manager of the restaurant then called again. Mr. Dhanda told him that if he wanted to formalize the access request, he could do so by certified mail but in any event the maintenance person would provide access to the debtor at 10:00 this morning. Mr. Solomon also called Mr. Dhanda seven times on Saturday night. Not once was access ever requested prior to 10:00 a.m. today. No calls were made to Mr. Dhanda on Sunday and no calls were placed to the property maintenance man (Mr. Chowdhury has his telephone number and in the past has called

January 4, 2010
Page 2

him on similar issues).  As promised by the Landlord, the heating repairman was given roof access this morning.

Herb, your steady drumbeat of false accusations in this case is stunning.  Moreover, your accusation that the actions of the Landlord have led to the debtor's closing for 3 days is similarly incredible, particularly given that the access request was for today (not Saturday or even Sunday) and Mr. Dhanda has a voicemail from the restaurant manager about the repairman being on site today at 10:00 a.m..  For whatever reason, the debtor on its own elected not to address the heat problem until this morning.

I now see that you have filed a motion to compel access.  Frankly, I assumed you would have done the diligence required by Bankruptcy 9011 to determine whether access had been provided, thereby obivating the need for the filing of your motion.  Herb, unless your motion is withdrawn by noon tomorrow, we intend to proceed to file an objection and also request sanctions.

Kindly do not hesitate to call with any questions regarding the above.

Very truly yours,

Kerry S. Kehoe

KSK/adm
Enclosure
cc:    Mr. Raj Dhanda
        Gordon P. Katz, Esq.
        Diane N. Rallis, Esq.

# 9081425_v2

## Kehoe, Kerry (BOS - X71451)

| | |
|---|---|
| **From:** | Herbert Weinberg [hweinberg@jrhwlaw.com] |
| **Sent:** | Monday, January 04, 2010 10:26 AM |
| **To:** | Rallis, Diane N (BOS - X72104); Kehoe, Kerry (BOS - X71451) |
| **Cc:** | solmon@omrestaurant.com; James Singer; Rudolph, Jim |
| **Subject:** | denial of access |

We have been advised that the heat broke saturday afternoon. Solmon had a repairman there that day and Called Raj to arrange immediate access to the roof so the heat could be repaired.Solmon has advised us that Raj said he could not even consider giving Solmon access to the roof until he recieves a certified letter and then he will take 48 hours to consider if and what under conditions he may allow access to the roof.

We have lost the weekend and have already suffered damages from being closed three days. If we do not have a proposal by 2 on how we will have immediate access to the roof as well as compensation for being closed after the repairman showed up, we will be filing an emergency motion to compell access to the roof.

1/4/2010

# Holland & Knight

10 St. James Avenue | Boston, MA 02116 | T 617.523.2700 | F 617.523.6850
Holland & Knight LLP | www.hklaw.com

Kerry S. Kehoe
617 854-1451
kerry.kehoe@hklaw.com

January 4, 2010

***Via e-mail (hweinberg@rflawyers.com) and
Facsimile 978-682-3041 and 617-227-0313***

Herbert Weinberg, Esq.
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109

      Re:   <u>Everest Crossing</u>

Dear Herb:

     This supplements the letter I sent to you a few minutes ago. My client just confirmed with the security company that the debtor did not close Saturday or Sunday, contrary to your allegations in your email and your motion to compel. We have no choice but to bring the foregoing to the Court's attention. Nonetheless, I am assuming you will withdraw the motion by noon tomorrow.

              Very truly yours,

              Kerry S. Kehoe

KSK/adm
Enclosure
cc:   Mr. Raj Dhanda
       Gordon P. Katz, Esq.
       Diane N. Rallis, Esq.

# 9083146_v1